IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOHN DAVIS,** *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-01223-O** |
| | § | |
| **KELLER WILLIAMS REALTY INC.,** | § | |
| *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendants' Motion and Incorporated Brief to Find Plaintiff John Davis in Contempt (ECF No. 59), Plaintiff John Davis's Memorandum of Law in Opposition (ECF No. 64), and Defendants' Reply in Support of Motion (ECF No. 67). United States District Judge Reed O'Connor referred the Motion and all related responses, replies, and briefs in support to the undersigned pursuant to 28 U.S.C. § 636. ECF No. 65.

## I.    BACKGROUND

Plaintiff John Davis ("Davis") initially filed a lawsuit against Defendants Keller Williams, Gary Keller, John Team, and Inga Dow (collectively "the Defendants") on October 27, 2022, asserting various causes of action including breach of contract and civil conspiracy ("the First Lawsuit."). *See* ECF No. 1 in, *Davis v. Dow*, 4:22-cv-00970-O (N.D. Tex. Aug. 29, 2023). In that case, the Court compelled the parties to arbitrate those claims and stayed the case pending completion of the arbitration proceedings ("the Arbitration Order."). ECF No. 52 in the First Lawsuit. Seven months later, Defendants asked the Court to hold Davis in civil contempt for failing to comply with the Arbitration Order, asserting that Davis was attempting to evade arbitration by

repackaging the claims in the present case ("the Second Lawsuit"), which he originally brought in the Western District of Texas. ECF No. 59 in the Second Lawsuit. While the motion for contempt remained pending in the First Lawsuit, United States District Judge Robert Pitman transferred the Second Lawsuit to this Court on December 7, 2023. ECF No. 5.

On April 23, 2024, Defendants filed a Motion to Compel Arbitration and Motion to Stay in the Second Lawsuit on the "Release and Restrictive Covenant Agreement" that includes an "Arbitration Clause." ECF No. 17. On August 12, 2024, Judge O'Connor granted the Motion, compelled the parties to arbitrate, and stayed the matter pending completion of the arbitration. ECF No. 42. Plaintiffs then filed a Motion for the Court to Appoint an Arbitrator on January 27, 2025. ECF No. 44. Judge O'Connor referred this Motion and all related responses, replies, and briefs in support to the undersigned pursuant to 28 U.S.C. § 636. ECF No. 45.

The Court then held a telephonic hearing on the Motion on February 10, 2025. ECF Nos. 46, 50. Based on the representations made during that hearing, the Court found that the parties needed further time to consider the issue of whether the Court has authority under a previous agreement, or under Section 5 of the Federal Arbitration Act, to appoint an arbitrator to conduct the arbitration that Judge O'Connor ordered in this matter. *See* 9 U.S.C. § 5. The parties then filed various status reports regarding the arbitrator selection, and ultimately the undersigned issued his findings, conclusions, and recommendation that Judge O'Connor designate and appoint retired Judge Joseph "Tad" Halbach of Houston, Texas, as arbitrator. ECF No. 63. Judge O'Connor accepting the findings, conclusions, and recommendation on March 28, 2025, and ordered that Judge Joseph "Tad" Halbach is designated and appointed as arbitrator. ECF No. 66.

During this time, Defendants filed the current Motion to hold Davis in contempt. ECF No. 59. In it, Defendants argue that Davis is wasting judicial resources by ignoring the Court's Orders

and delaying arbitration, that Plaintiffs are misusing the Court to file defamatory allegations with no consequences, and that pursuant to the Court's Second Arbitration Order, the Court should require Plaintiffs to pay Defendants' legal fees associated with their intentional delay. *Id*. Defendants move the Court to hold Davis in contempt, to order Plaintiffs to withdraw the draft Demand for Arbitration and remove it from the docket, and to award Defendants attorneys' fees "given Plaintiffs continued delays, gamesmanship, and public smear campaign." *Id*. at 5.

Davis responds that Defendants have failed to establish that he failed to comply with a Court order, that he did not improperly file the proposed Demand for Arbitration, and that Defendants have wasted judicial resources and violated this Court's Order. ECF No. 64. Davis argues that "[a]s a result of Defendants' improper motion and waste of judicial resources, Defendants should be ordered to pay Plaintiff Davis's attorney's fees associated with this motion." *Id*. at 2.

## II.    LEGAL STANDARD

Judge O'Connor referred the Contempt Motion to the undersigned pursuant to 28 U.S.C. § 636(b). In a case under 28 U.S.C. §§ 636(a) or (b), where an act of contempt constitutes civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6).

Three elements must be established before a party can be held in civil contempt: "(1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson, Miss.*, 359

3

F.3d 727, 731 (5th Cir. 2004). Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order. *See Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted). However, "[t]he respondent may avoid a contempt finding by establishing that it has substantially complied with the order or has made reasonable efforts to comply." *In re Brown*, 511 B.R. 843, 849 (S.D. Tex. 2014) (citing *U.S. Steel Corp. v. United Mine Workers of Am., Dist. 20*, 598 F.2d 363, 368 (5th Cir. 1979)). "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999).

## III.    CERTIFICATION OF FACTS

Defendants have not shown by clear and convincing evidence that Davis clearly violated the Court's orders. They allege that Davis "violated multiple agreements and court orders by intentionally avoiding two arbitrations." ECF No. 59 at 5. However, Defendants make conclusory allegations about Davis' motivations in filing the Second Lawsuit and changing positions on arbitrator selection. *Id*. at 8-10. As stated previously, intent is not an element of civil contempt. *See Whitfield*, 832 F.2d at 913.

While it is true that the Court issued the second arbitration order in the present case on August 12, 2024, and the process to arbitrate has been lengthy and difficult, the Court concludes that each side of this dispute has difficulty cooperatively working to resolve the matter efficiently and effectively. Defendants have not provided sufficient facts to show that Davis clearly violated

a court order that required his specific conduct.

Further, the Court is persuaded that Davis made a reasonable effort to arbitrate this matter. Plaintiffs filed a Motion for the Court to Appoint an Arbitrator on January 27, 2025, seemingly attempting to follow the Court's Second Arbitration Order and obtain assistance in selecting an arbitrator when it became clear that the parties were unable to come to an agreement. ECF No. 44. Taking into consideration the pleadings and evidence, the undersigned finds that Davis made reasonable efforts to comply with the Court's previous orders and has not clearly violated those orders.

Nevertheless, the Court also concludes that Davis filed a draft of his demand for arbitration for reasons unrelated to a good faith effort to initiate arbitration proceedings. Further, the draft served no purpose in the Court's analysis of appropriate arbitrators to appoint in this matter. Accordingly, by separate order, the undersigned ordered the clerk to strike that document from the file in this matter.

## IV.    CONCLUSION

The undersigned does not certify that Judge O'Connor should find Davis in civil contempt of court for violating any of the Court's orders. Because the facts do not show that Davis's conduct constitutes civil contempt, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Defendants' Motion (ECF No. 59) and not hold Davis in civil contempt. The undersigned further **RECOMMENDS** that each side should bear its own attorney's fees. Although the undersigned makes this recommendation, the Court does not approve the tone of the pleadings filed in this matter and admonishes counsel and the parties to move forward with the arbitration that the Court compelled without further delay and conflict.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on May 8, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE